1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9
10

| | |
|---|---|
| MICHAEL D. SHOPE, a single man,, | CASE NO. 3:22-cv-05632-RJB |
| Plaintiff, | ORDER RENOTING MOTION TO DISMISS |
| v. | |
| CASCADE HARDWOOD, LLC; CH SAWMILL, INC.; DAVID R. SYRE; KAY E  SYRE; JONATHAN SYRE; AMY SYRE  HEALY; and CYNTHIA POPE, | |
| Defendants. | |

11
12
13
14
15
16
17
18
19
20

This matter comes before the Court on Defendant Cascade Hardwood, LLC's ("Cascade") Motion to Dismiss for Lack of Prosecution (Dkt. 9) and the "Notice of Attorney's Intent to Withdraw" (Dkt. 14).  The Court has considered the motion and the notice and is fully advised.

21
22
23

On August 29, 2022, this case was removed by Defendant Cascade based on federal question jurisdiction.  Dkt. 1.  The Notice of Removal alleges:

24

On or about August 8, 2022, Plaintiff Michael D. Shope served Defendant with a Summons and copy of an unfiled Complaint in the matter *of Michael D. Shope v. Cascade Hardwood, LLC; CH Sawmill, Inc.; David R. Syre; Kay E. Syre; Jonathan Syre; Amy Syre Healy; and Cynthia Pope*, in the Superior Court of the State of Washington, County of Lewis, Case No.: ___ . Dkt. 1 at 2.  The unfiled Complaint relates to Mr. Shope's employment, injuries allegedly sustained while at work, and the eventual termination of his employment on October 15, 2019.  Dkt. 1 at 9-22.  The unfiled Complaint was verified by Mr. Shope on  July 27, 2022 and signed by "Eric G. Carlson" as "Attorney for Plaintiff" that same day.  Dkt. 1 at 21-22.  Cascade mailed copies of the Notice of Removal, notices of appearance, Defendant Cascade's Answer to the Complaint to Mr. Carlson at his physical address Chehalis, Washington and by email.  Dkt. 1 at 5.  As of the date of this order, there is no evidence in the record that any other defendant has been served and none joined in the notice of removal.

On August 30, 2022, Plaintiff's counsel Eric G. Carlson was contacted by the Clerk of the Court and notified that he was not admitted to practice before the Court and he was informed of the process to be admitted.  Dkt. 7.  As of the date of this order, Mr. Carlson has failed to apply to be admitted to practice before this Court.

On February 27, 2023, Defendant Cascade filed its Rule 41(b) Motion to Dismiss for Lack of Prosecution urging the Court to dismiss the case with prejudice.  Dkt. 9.  The Certificate of Service for the motion indicates that it was served on James Pizl and Ari Robbins Greene, of Entente Law PLLC at a physical address in Puyallup, Washington.  Dkt. 9 at 8.  There is no indication that the motion was served on Plaintiff or Mr. Carlson.

On March 1, 2023, the case was reassigned to the undersigned.  Dkt. 11.  Initial orders were issued.  Dkts. 12-13.  Paper copies of the initial orders were sent to Mr. Carlson.  *Id.*

1
2
3
4
5
6
7

On March 20, 2023, Mr. Carlson filed a "Notice of Attorney's Intent to Withdraw."  Dkt. 14.  In this pleading, Mr. Carson states that he intends to withdraw from the case effective March 27, 2023.  *Id.*  The notice further provides that "withdrawal will be effective without order of the court unless an objection to the withdrawal is served upon the withdrawing attorney before the intended date of withdrawal."  *Id.*  The notice provides an address, telephone number and email address for Plaintiff Shope.  *Id.*  A copy of the notice was sent to Defendant Cascade's lawyers but it does not state that a copy was sent to Plaintiff Shope.  *Id.*

8
9
10

This opinion will first address whether it has jurisdiction over this case, then the impact of Mr. Carlson's "Notice of Attorney's Intent to Withdraw," and finally, Cascade's Motion to Dismiss.

11

### **DISCUSSION**

12

1.  Jurisdiction

13
14
15
16
17
18
19
20
21
22

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  A state's own laws and rules of procedure determine when a dispute may be deemed a cognizable legal action in state court for purposes of removal.  *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 686 (9th Cir. 2005).  Pursuant to Washington Superior Court Civil Rule 3(a), a "civil action is commenced by service of a copy of a summons together with a copy of the complaint . . . or by filing the complaint."  *See also* RCW 4.28.020.  Commencement of a civil action renders the matter removable.  *See Bush,* at 686; *Pope v. Spokane School District No. 81*, 2021 WL 5967921, at *2 (W.D. Wash. Nov. 19, 2021).

23
24

1    Although the Complaint in this matter was not filed in the state courts, a summons and

2    copy of the Complaint was served on Defendant Cascade on August 8, 2022.  Under Washington

3    law, state courts have jurisdiction over the case, but Defendant Cascade removed the case to this

4    Federal Court less than 30 days after it was served.  Accordingly, the case was removable.  *See*

5    *Pope* at 3.  However, under the "rule of unanimity," "all defendants who have been properly

6    joined and served must join in or consent to the removal of the action."  28 U.S.C. §

7    1446(b)(2)(A). Not all named Defendants joined in the removal.  Nevertheless, removal is not

8    improper on this basis because there is no evidence that any other Defendants have been

9    "properly joined and served."

10    Removal was proper.  The Court has jurisdiction over this case under 28 U.S.C. §

11    1441(a).

12    2.  Attorney Carlson's "Notice of Attorney's Intent to Withdraw"

13    "Admissions rules and procedure for federal court are independent of those that govern

14    admission to practice in state courts." *Winterrowd v. Am. Gen. Annuity Ins. Co*., 556 F.3d 815,

15    820 (9th Cir. 2009). Pursuant to Local Rule W.D. Wash. 83.1 (c)(1), in order to be admitted to

16    practice law before this court, an attorney in good standing with the Washington State Bar

17    Association (or other state bar) must file a Petition for Admission to Practice.

18    The attorney that signed and caused to be the unfiled Complaint to be served for Plaintiff

19    Shope, Mr. Carlson, still has not filed a petition to be admitted in this court.  He cannot represent

20    the Plaintiff in this court and accordingly is unable to appear or withdraw from representation.

21    Mr. Carlson's "Notice of Attorney's Intent to Withdraw" is without effect and should be

22    stricken.  (Furthermore, Local Civil Rule 83.2(b), Withdrawal Rule, requires leave of court for a

23    withdrawal.)

24

ORDER RENOTING MOTION TO DISMISS - 4

Plaintiff Shope is proceeding *pro se* (that is without a lawyer) at the moment. He was not sent a copy of Mr. Carlson's "Notice of Attorney's Intent to Withdraw."  The Plaintiff should be sent a copy of this notice.

3.  Defendant Cascade's Motion to Dismiss

Cascade's motion to dismiss (Dkt. 9) was not served on either the Plaintiff or on lawyer Carlson.  In the interest of due process, *pro se* Plaintiff Shope should be given notice of the motion and an opportunity to be heard.

Cascade should serve the motion to dismiss on Plaintiff Shope at the address that appears on Mr. Carlson's "Notice of Attorney's Intent to Withdraw."  *See* RCP 5(b)(2).  Cascade should file proof of its compliance with this order in the record.  Cascade's motion to dismiss (Dkt. 9) should be renoted for consideration for **April 21, 2023**.

Plaintiff Shope is further notified that Cascade is moving for dismissal of the case for lack of prosecution because no action has been taken in the case for him.  He should be aware that if the motion is granted, the case will be dismissed and closed.  Failure to respond to the motion in writing may result in the motion being granted.

It is **ORDERED** that,

- The "Notice of Attorney's Intent to Withdraw" (Dkt. 14) **IS STRICKEN**;

- Defendant Cascade Motion to Dismiss for Lack of Prosecution (Dkt. 9) **IS RENOTED for April 21, 2023**;

- Defendant Cascade **IS DIRECTED** to serve the Plaintiff a copy of its Motion to Dismiss for Lack of Prosecution at the address appearing for him in the "Notice of Attorney's Intent to Withdraw," proof of which shall be filed in the record; and

- The Clerk of the Court is directed to send the Plaintiff a copy of the "Notice of Attorney's Intent to Withdraw" at the address appearing for him therein.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 27th day of March, 2023.

ROBERT J. BRYAN
United States District Judge