UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL D. SHOPE, a single man,, <br><br> Plaintiff, <br> v. <br><br> CASCADE HARDWOOD, LLC; CH SAWMILL, INC.; DAVID R. SYRE; KAY E SYRE; JONATHAN SYRE; AMY SYRE HEALY; and CYNTHIA POPE, <br><br> Defendants. | CASE NO. 3:22-cv-05632-RJB <br><br> ORDER DISMISSING CASE WITHOUT PREJUDICE |

This matter comes before the Court on Defendant Cascade Hardwood, LLC's ("Cascade") Motion to Dismiss for Lack of Prosecution. Dkt. 9. The Court has considered the pleadings filed regarding the motion and the file herein.

On August 29, 2022, this case was removed by Defendant Cascade based on federal question jurisdiction. Dkt. 1. The Notice of Removal alleges:

On or about August 8, 2022, Plaintiff Michael D. Shope served Defendant with a Summons and copy of an unfiled Complaint in the matter of *Michael D. Shope v. Cascade Hardwood, LLC; et. al.*, in the Superior Court of the State of Washington, County of Lewis, Case

ORDER DISMISSING CASE WITHOUT PREJUDICE - 1

No.: ___ . Dkt. 1 at 2.  The unfiled Complaint relates to Mr. Shope's employment, injuries allegedly sustained while at work, and the eventual termination of his employment on October 15, 2019.  Dkt. 1 at 9-22.  The unfiled Complaint was verified by Mr. Shope on July 27, 2022 and signed by "Eric G. Carlson" as "Attorney for Plaintiff" that same day.  Dkt. 1 at 21-22. Defendant Cascade mailed copies of the Notice of Removal, notices of appearance, and it's Answer to the Complaint to Mr. Carlson at his physical address Chehalis, Washington and by email.  Dkt. 1 at 5.  As of the date of this order, there is no evidence in the record that any other defendant has been served and none joined in the notice of removal.

On August 30, 2022, Plaintiff's counsel Eric Carlson was contacted by the Clerk of the Court and notified that he was not admitted to practice before the Court and he was informed of the process to be admitted.  Dkt. 7.  As of the date of this order, Mr. Carlson has failed to apply to be admitted to practice before this Court.

On February 27, 2023, Defendant Cascade filed its Rule 41(b) Motion to Dismiss for Lack of Prosecution urging the Court to dismiss the case with prejudice.  Dkt. 9.

On March 27, 2023, the Court reviewed the motion to dismiss and the remaining record. Dkt. 16.  The undersigned determined that removal was proper and the Court has jurisdiction over this case.  *Id.*  That order struck attorney Eric Carlson's then pending "Notice of Attorney's Intent to Withdraw" because he has not been admitted to practice before this Court.  *Id.*

The March 27, 2023 order also noted that the motion to dismiss had not been served on either Mr. Carlson or the Plaintiff.  *Id.*  Defendant Cascade was ordered to serve a copy of the motion on both Mr. Carlson and the Plaintiff at the address appearing for the Plaintiff on Mr. Carlson's "Notice of Attorney's Intent to Withdraw."  *Id.*  The Plaintiff was given the following warning:

> Plaintiff Shope is further notified that Cascade is moving for dismissal of the case for lack of prosecution because no action has been taken in the case for him.  He

should be aware that if the motion is granted, the case will be dismissed and closed. Failure to respond to the motion in writing may result in the motion being granted.

*Id.,* at 5. The motion to dismiss was renoted for consideration for April 21, 2023.

Later in the day, on March 27, 2023, Defendant Cascade filed a Certificate of Service certifying that it served a copy of the motion to dismiss on Plaintiff at the address provided in the "Notice of Attorney's Intent to Withdraw" and to Mr. Carlson. Dkt. 17.

## **DISCUSSION**

Fed. R. Civ. P. ("Rule") 41(b) provides "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action . . ." Courts in the Ninth Circuit weigh five factors to determine whether to dismiss a case for lack of prosecution under Rule 41(b): "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994).

Defendant Cascade's motion to dismiss (Dkt. 9) should be granted. The public's interest in the expeditious resolution of litigation favors dismissal of this case. The Plaintiff has not filed a complaint, a response to the motion to dismiss, or a response to the March 27, 2023 order. He is not prosecuting his case. There is no evidence that the case would be resolved anytime soon. The Court's need to manage its docket and the risk of prejudice to the defendants also favors dismissal of the case. While the public policy of resolving cases on their merits has value, Plaintiff has made no real effort to resolve the case. There has been an unreasonable delay – the complaint was served on Defendant Cascade on August 8, 2022. There are no less drastic

sanctions available. The Plaintiff has failed to respond to any of the Court's orders. His case should be dismissed.

Defendant Cascade urges the Court to dismiss this case with prejudice. Considering that the Plaintiff is proceeding *pro se* and that all pleadings have been sent to the only address the Court has on record without clear confirmation that the Plaintiff has notice of all the proceedings in this case, dismissal should be without prejudice.

## **ORDER**

Therefore, it is hereby **ORDERED** that:

- Defendant Cascade Hardwood, LLC's Motion to Dismiss for Lack of Prosecution (Dkt. 9) **IS GRANTED, IN PART**;
    - This case **IS DISMISSED WITHOUT PREJUDICE**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 24th day of April, 2023.

*[signature]*

ROBERT J. BRYAN
United States District Judge